FREDERIC B. HOLDER *vs.* HYMAN M. HILLSON.

Suffolk. March 4, 1897. — May 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Insolvency — Appeal to Superior Court — Declaration — Issues — Amendment — Statute.*

The provisions of Pub. Sts. c. 157, § 37, that upon entering an appeal from a decision of a judge of the Court of Insolvency disallowing a claim to the Superior Court, "the creditor shall file in court a statement in writing of his claim, setting forth the same substantially as in a declaration for the same cause of action at law," do not give him the right to file a declaration for a new cause of action, nor does he have under the other words of the section, "and like proceedings shall be thereupon had in the pleadings, trial, and determination of the cause as in an action at law commenced and prosecuted in the usual manner," any right to an amendment changing the cause of action which has been so brought up by appeal; and, while the cause remains in the Superior Court, it is competent for the justice before whom the case comes on for hearing to refuse to try the case on issues which have been, as matter of law apparent on the face of the record, erroneously allowed by another justice, without first changing the order allowing the amendment.

APPEAL from a decision of the judge of insolvency, disallowing the claim of the plaintiff against the insolvent estate of the defendant. Trial in the Superior Court, before *Mason*, C. J., to whose ruling, the nature of which appears in the opinion, the plaintiff alleged exceptions.

*G. C. Abbott*, for the plaintiff, submitted the case on a brief.

*J. H. Blanchard*, (*A. S. Cohen* with him,) for the defendant.

LATHROP, J. The claim of the plaintiff amounted to $2,598.97, on an account annexed, for certain boxes of tin. This claim was sworn to, as provided by the Pub. Sts. c. 157, § 29. The claim was disallowed by the judge of the court, and an appeal was taken to the Superior Court, under § 36. The plaintiff filed in that court, under § 37, a statement in writing of his claim, in three counts. The first and second counts were for the conversion of goods to the amount of $2,598.97. The third count alleged that the defendant wrongfully obtained from the plaintiff goods, all of the value of $2,598.97, according to a schedule annexed. This schedule was the same as the account annexed filed in the Court of Insolvency. The plaintiff was afterwards allowed by a justice of the Superior Court to amend the statement of his claim, by substituting therefor a claim in five counts. Each of the first four counts declared on a promissory note. The fifth count was upon an account annexed. The defendant appealed from the allowance of the amendment.

When the case was heard before the Chief Justice of the Superior Court, he made the following rulings : " The claim which the appellant now seeks to prosecute in the first four counts has never been submitted to the Court of Insolvency. The Superior Court has no original jurisdiction of claims against an insolvent debtor's estate. The case will stand for trial on the fifth count only, or so much thereof as was presented to the Court of Insolvency." The case is now before us on exceptions to these rulings.

We are of opinion that the rulings were right. Section 37 provides : " Upon entering the appeal the creditor shall file in court a statement in writing of his claim, setting forth the same substantially as in a declaration for the same cause of action at law." This clearly does not give him the right to file a declaration for a new cause of action. Nor does he have under the other words of the section, " and like proceedings shall be thereupon had in the pleadings, trial, and determination of the cause as in an action at law commenced and prosecuted in the usual manner," any right to an amendment changing the cause of action which has been brought by appeal to the Superior Court.

The plaintiff, however, contends that, as the amendment had

once been allowed, it was beyond the power of the Chief Justice to say that the cause of action had never been submitted to the Court of Insolvency ; but, while the cause remained in the Superior Court, it was competent for the justice of that court before whom the case came on for hearing to refuse to try the case on issues which had been, as matter of law apparent on the face of the record, erroneously allowed by another justice, without first changing the order allowing the amendment. .

The case of *Mann* v. *Brewer*, 7 Allen, 202, has no application. The question there presented was whether this court would, under Gen. Sts. c. 129, § 82, (Pub. Sts. c. 167, § 85,) revise a finding of fact made in the Superior Court that an amendment there allowed was for the same cause of action.

*Exceptions overruled.*